UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TED BIRKHOLZ, Personal Representative
of the Estate of HELEN ALTON; MARTHA
PRIDEMORE; CINDY SCHWARTZKOFF,
Personal Representative of the Estate of
JACOB SCHWARTZKOFF; and on Behalf
of a Class of Individuals Similarly Situated,

        CASE NO. 05-73498

    Plaintiffs,

v.        PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

COUNTY OF MACOMB, MACOMB
COUNTY DEPARTMENT OF SENIOR
CITIZEN SERVICES, NAOMI MIAL, and
MARY NELSON-PULICE, jointly and
severally,

    Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO
REASSIGN THE CASE TO HONORABLE GERALD E. ROSEN**

    Now before the Court is Defendants' Motion to Reassign the case to Judge Gerald E. Rosen. Having considered the entire record, and for the reasons that follow, the Court GRANTS Defendants' Motion to Reassign.

**I.    BACKGROUND**

    The Complaint in the instant case was filed on September 12, 2005. The Complaint alleged two counts[1] and class action allegations. Defendants' filed their Motion to Reassign on September 30, 2005. Plaintiffs filed a Response to Defendants' Motion on October 2, 2005 and

---

[1] Count I:    Fourteenth Amendment Violations
  Count II:    Fraud

1

Defendants filed a Reply.

This controversy centers around conservatorships established for Plaintiffs Helen Alton, Martha Pridemore and Jacob Schwartzkopf (collectively "Plaintiffs") between January 22 and September 10, 2002. (Compl. ¶¶ 15-17). The Defendants in this action are Macomb County, Macomb County Department of Senior Citizen Services (the "Department"), Naomi Mial ("Mial"), and Mary Nelson-Pulice ("Pulice") (collectively "Defendants"). The Department was assigned as the Conservator of Plaintiffs' funds. (Compl. ¶¶ 15-17). Macomb County was responsible for the operation and oversight of the Department. (Pls.' Resp. 4). Mial was Case Manager for the Department, and she and Pulice were authorized to conduct financial business for the Department. (*Id.*). During the time that the Department acted as Plaintiffs' Conservator, it is alleged that Mial and Pulice, acting under color of state law, misappropriated and converted Plaintiffs' funds for improper use. (*Id.* at ¶ 18). Plaintiffs claim that the Department was aware that the funds in the conservatorship accounts were being misappropriated and converted. (*Id.* at ¶ 19). It is alleged that it "was the policy, practice and custom of Macomb County and [] the Department [] to wilfully and deliberately conceal the misappropriation" and to "take absolutely no action and to hinder the restoration of the finds in the conservatorship accounts of the Departments' clients that were misappropriated and/or converted for improper use by the Department's employees." (*Id.* at ¶¶ 19-20). Plaintiffs did not become aware of the misappropriation and conversion of their funds until they viewed the February 27 and 28, 2004 articles in the Detroit News and Free Press, respectively. (*Id.* at ¶ 21).

Defendants argue that the instant case is a companion to *Kawecki v. County of Macomb,*

Case No. 04-70907.[2]  Defendants assert that Plaintiffs chose the most inconspicuous of the two locations on the civil cover sheet in which to designated the instant case as a companion to *Kawecki*.[3]  Defendants claim that this case is a companion to *Kawecki* according to Local Rule 83.11.  Defendants also argue that Birkholz and Pridemore already resolved their claims against Macomb County and have executed a full release.

Plaintiffs respond that the instant case is not a companion case to *Kawecki* under Local Rule 83.11. Plaintiffs contend that the evidence necessary to establish improper conduct will differ for each Plaintiff and each Defendant.  Plaintiffs assert that in *Kawecki*, the plaintiffs are contending the district court erred in staying federal court jurisdiction and that a similar situation to that of the *Kawecki* plaintiffs has not occurred with Plaintiffs in the instant case.  Plaintiffs

---

[2] *Kawecki v. County of Macomb* is a case currently pending in front of Judge Rosen in the Eastern District of Michigan.  *Kawecki* asserts the same set of facts as the instant case, namely that Naomi Mial and Mary Nelson-Pulice misappropriated conservatorship funds.  (*See Kawecki* Complaint, Case No. 04-70907).  *Kawecki* asserts the same causes of action - a violation of the Fourteenth Amendment and Fraud.  (*Id*.).  The *Kawecki* Complaint included class action allegations which stated that the plaintiffs represent a class of similarly situated people who have be victimized and subsequently damaged by Defendants in a similar way.  (*Id*. at 6).  On April 29, 2005, Judge Rosen entered a stay in *Kawecki* pending the outcome of a parallel proceeding in Macomb County Probate Court.  (Case No. 04-70907, Docket No. 32).  The proceeding in Macomb County was a "surcharge" proceeding to obtain reimbursement from Mial and others who might have been liable for losses to the estates in conservatorship.  (Defs.' Br. 5).  *Kawecki* plaintiffs appealed the district court's stay to the Sixth Circuit on May 26, 2005.  (Pls.' Resp. 7).  On June 15, 2005, the Macomb County Probate Court entered an Order which approved settlement with respect to the *Kawecki* estate.  (*Id*. at 8).  Defendants' then filed a motion in the Sixth Circuit arguing that the Sixth Circuit lacked jurisdiction over the appeal.  (*Id*.).  On August 10, 2005, *Kawecki* plaintiffs filed a motion to add Plaintiffs as party plaintiffs to the appeal.  (*Id*.).  Defendants opposed the motion and the *Kawecki* plaintiffs withdrew it.  (*Id*.).  The Sixth Circuit remanded the case on November 16, 2005, stating that the stay was moot since the state court concluded its proceeding.

[3] Defendants claim that Plaintiffs indicated that this case was a companion on the second page of the civil cover sheet, but not on the first page.

also argue that the case should not be reassigned in the interest of justice.

Defendants reply that in their Response to Plaintiff-Appellants' Motion to Add Party-Plaintiffs to the Appeal, they stated that Plaintiffs should file a separate lawsuit. However, Defendants contend that Plaintiffs' filing of a separate lawsuit does not avoid review of the case by Judge Rosen. Nor did Defendants concede that there was any merit to Plaintiffs' claims.

## II.   ANALYSIS

### a.   Standard

Companion cases are covered under Local Rule 83.11(b)(7) of the Eastern District of Michigan. Local Rule 83.11(b)(7) states:

- (A)   Companion cases are those cases in which it appears that:

    - (i)   substantially similar evidence will be offered at trial, or

    - (ii)   the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

- (B)   Counsel . . . shall be responsible for bringing such cases to the attention of the Court by responding to the questions included on the civil case cover sheet.

- (C)   Where it becomes apparent to the Judge to whom a case is assigned and to a Judge having an earlier case number that two cases are companion cases, upon consent of the Judge having the earlier case number, the Judge shall sign an order reassigning the case to the Judge having the earlier case number.

LR 83.11(b)(7)(A)-(C).

### b.   Discussion

Defendants claim that the instant case is a companion to *Kawecki*. The Court agrees with Defendants. The *Kawecki* plaintiffs originally tried to bring in Plaintiffs here as party plaintiffs

in the *Kawecki* appeal, yet now counsel for *Kawecki*[4] argue that the cases are not companions. Plaintiffs support their argument by stating that in light of Defendants' objection to adding Plaintiffs to the *Kawecki* appeal, "the present plaintiffs could be assured that the defendant would not object to their filing a new and separate suit." (Pls.' Resp. 9). The Court disagrees. Defendants objected to adding Plaintiffs to the *Kawecki* appeal because they thought it was a "belated attempt to introduce a whole constellation of untested facts as to brand new claimants into the existing case without any appellate background." Pl.-Appellants' Resp. to Def.-Appellees' Mot. to Add Parties, *Kawecki v. County of Macomb*, Case No. 05-1713 (6th Cir. Aug. 23, 2005). Plaintiffs contend that Defendants "took great pains" to distinguish Plaintiffs from Kawecki and to demonstrated that the cases were not companions. (Pls.' Resp. 9). Plaintiffs claim that Defendants considered Plaintiffs "'satellite, ancillary parties . . who were not before the trial court and who are totally extraneous to all factual development in connection with the Kawecki Estate as that was the sole focus of Defendants below.'" (*Id*.). As stated above, Defendants believe that Plaintiffs case was a companion to *Kawecki*. However, Defendants objected to adding Plaintiffs to the *Kawecki* appeal because Plaintiffs were not tied to the Kawecki Estate at the district court proceeding in front of Judge Rosen. At the time of appeal, no discovery had been done regarding Plaintiffs and Plaintiffs' factual situation had not been developed.[5] (Defs. Reply 3). Additionally, since *Kawecki* has now been remanded to the district court, the argument for reassignment of Plaintiffs' case as a companion is strengthened.

Plaintiffs also argue that their case is not a companion under Local Rule 83.11. Plaintiffs

---

[4] *Kawecki* plaintiffs' attorneys are the same as Plaintiffs' attorneys in the instant case.

[5] Defendants were not on notice of Plaintiffs' claims because Plaintiffs had not yet filed their Complaint.

state that they are different from the parties in *Kawecki* and therefore are not "the same or related parties." Plaintiffs also claim that the evidence in the two cases offered at trial will not be substantially similar. The Court disagrees. Both complaints allege misappropriation by Mial and Pulice while the Department was the Conservator. Both complaints allege that the County of Macomb is responsible for the operation and oversight of the Department. Plaintiffs also identified *Kawecki* on the civil cover sheet as a companion. Further supporting that these cases are companions is the fact that the attorneys for Plaintiffs requested that they be added as party plaintiffs to the *Kawecki* case on appeal. Plaintiffs counter that Local Rule 83.11 is unlike Federal Rule of Civil Procedure 23, which focuses on common questions of law or fact and typicality of defenses. Plaintiff asserts that the Local Rule only looks to the evidence that will be offered at trial. The Court finds that *Kawecki* and the instant case have common questions of law and fact, and will involve the presentation of similar evidence at trial. The only difference between the claims is that different plaintiffs filed each suit.

Accordingly, the Court finds that the instant case is a companion to *Kawecki*.

### III.   CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' Motion to Reassign the instant case to Judge Gerald E. Rosen.

**SO ORDERED.**

                                        s/Paul D. Borman
                                        PAUL D. BORMAN
                                        UNITED STATES DISTRICT JUDGE

Dated:  December 21, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 18, 2006.

s/Jonie Parker
Case Manager